IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

04-CV-10002 PBS

MAGISTRATE JUDGE Cohen

```
* * * * * * * * * * * * *
Pamela Brant,              *
Plaintiff                  *
                           *
Vs.                        *    Complaint
                           *
U.S. Coast Guard           *    C.A. No.: 04-    52848
Exchange Systems,          *
Defendant                  *
                           *
* * * * * * * * * * * * *
```

AMOUNT $150
SUMMONS ISSUED
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
1/5/04

**PARTIES**

1. Pamela Brant ("Brant") is an individual who resides in Cedarville, Michigan and was at all times material to this action an employee of the Defendant and a resident of Massachusetts.

2. The United States Coast Guard Exchange System ("the Exchange") is a Division or Department of the United States Coast Guard and was at all times material to this action the employer of the Plaintiff.

**JURISDICTION AND VENUE**

3. Jurisdiction for this matter lies in the United States District Court by 33 USC §921(d), the Longshore and Harbor Workers' Act as extended by the Non-Appropriated Fund Instrumentality Act, 5 USC §8171-8173.

   Venue is in the Massachusetts District Court again by operation of 33 USC §921(d) in that the injury that gave rise to the underlying basis of this dispute occurred at the Coast Guard Exchange on Cape Cod, Massachusetts.

**FACTS**

4. Brant was an employee of the Exchange working in its grocery store at the Otis Air National Guard Base on Cape Cod and suffered a work related injury to her

    knee on or about November 16, 2000.

5. In accordance with the Act, Brant filed a claim with the U.S. Department of Labor which was adjudicated by the Office of the Administrative Law Judges of the Department of Labor and a "Decision and Order Awarding Benefits" ("the Order") issued on February 13, 2003. A copy is attached to this Complaint, marked "A".

6. The Order has become final as no administrative appeal as provided under 33 USC §921 was ever filed.

7. The Order was made and served in accordance with the Law. See letter of Deputy Director with Certificate of Filing and Service attached and marked "B".

8. The Exchange complied with the Order, paying the retroactive workers' compensation due and paying ongoing temporary total disability benefits in accordance with the Order (see part V, paragraph 1, page 16 of the Order, ("A") through November 2003.

9. However, the Exchange has now failed to comply with the Order by unilaterally discontinuing benefits effective November 2003.

**PRAYER FOR RELIEF**

    Wherefore, in accordance with 33 USC §921(d) the Plaintiff asks this Court to enforce obedience to the Order by Writ of Injunction or by other proper process as determined by the Court in accordance with the Act. Further, the Plaintiff asks this Court to access the statutory penalty as provided in 33 USC §914(f), award attorney's fees and costs and enter any and all additional Orders as deemed right and just.

    Respectfully submitted,
Pamela Brant by her attorney,

1/2/04
Date

William J. Gately, Jr., Esq.
Law Offices William J. Gately, Jr.
171 Pleasant Street
Fall River, MA  02721
(508) 324-1700
BBO:  186900